UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRICK GARLAND, et al.,<br><br>    Defendants. | Case No. 21-cv-06533-LB<br><br>**ORDER DENYING PETITION FOR HABEAS CORPUS**<br><br>Re: ECF No. 1 |

### INTRODUCTION

John Doe, a Guatemalan national, filed a 28 U.S.C. § 2241 petition claiming that the immigration judge did not appropriately consider evidence about his release plan before detaining him at his *Aleman* bond hearing, thereby violating his due-process rights.[1] The respondents assert that (1) jurisdiction is proper only in the Eastern District of California, where the petitioner is in custody, and (2) the bond hearing was constitutionally adequate.[2] The court denies the petition because there was no due-process violation.

---

[1] Pet. for Writ of Habeas Corpus – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Response – ECF No. 17 at 16–33.

ORDER – No. 21-cv-06533-LB

# STATEMENT

The petitioner, a Guatemalan national, was deported in 2012 and reentered the United States in 2016.[3] He contends that he was the victim of gang violence in Guatemala, suffers from fear and anxiety as a result, and has been diagnosed with depression.[4] After he reentered the U.S. with his daughter, ICE released him in January 2016 into the Intensive Supervision Appearance Program (ISAP) and required him to wear a GPS ankle-monitor.[5] Shortly after arriving in the U.S., he consulted with an immigration attorney and submitted a written request for a fear-based interview with the Department of Homeland Security (DHS), but he did not receive a response.[6]

The petitioner contends that the ankle monitor caused him physical pain and psychological stress and required charging every night between 1 a.m. and 2 a.m.[7] He complied with the ISAP program for about 18 months, attending weekly check-ins with DHS, reporting malfunctions of the device five times, and giving adequate notice when he traveled out of state.[8] In 2017, he removed the ankle monitor and stopped reporting to ICE because of his "state of depression and hopelessness, brought about by his past trauma and his unknown future."[9] In September 2017, he moved from Virginia to Oakland, California, without informing ICE.[10] He obtained a fraudulent social-security card under a false name.[11] Ultimately, immigration officials arrested him, and the government charged him with illegal reentry in violation of 8 U.S.C. § 1326.[12] At his detention hearing on January 17, 2020, the magistrate judge detained him as a serious risk of flight, finding

---

[3] Pet'r Decl., Ex. E to Wiese Decl. – ECF No. 2-9 at 6–7 (¶¶ 38–42), 12 (¶ 79).

[4] *Id*. at 4–11 (¶¶ 24–28, 38–42, 48–74), 13 (¶ 86).

[5] *Id*. at 12 (¶ 79); Pet. – ECF No. 1 at 7 (¶¶ 20–21).

[6] Pet'r Decl., Ex. E to Wiese Decl. – ECF No. 2-9 at 12 (¶ 80); Pet. – ECF No. 1 at 8 (¶¶ 22–23).

[7] Hr'g Tr., Ex. B. to Wiese Decl. – ECF No. 2-6 at 12 (11:3–19).

[8] *Id*. at 11–12 (10:6–11:1); Pet. – ECF No. 1 at 8 (¶ 22).

[9] Hr'g Tr., Ex. B. to Wiese Decl. – ECF No. 2-6 at 13 (12:3–12); Pet. – ECF No. 1 at 9 (¶ 25).

[10] Hr'g Tr., Ex. B. to Wiese Decl. – ECF No. 2-6 at 13 (12:14–20); Pet'r Decl., Ex. E to Wiese Decl. – ECF No. 2-9 at 13 (¶ 84); Pet. – ECF No. 1 at 9 (¶ 26).

[11] USCIS Statement of Findings, Ex. L to Scott Decl. – ECF No. 17-1 at 54–57.

[12] Pet'r Decl., Ex E to Wiese Decl. – ECF No. 2-9 at 13 (¶¶ 85–86); Indictment, *United States v. [Doe]*, No. 3:20-cr-00003-EMC – ECF No. 1.

that "no condition or combination of conditions will reasonably assure [his] appearance because "(1) [he] cut off his ankle monitor and absconded while subject to electronic monitoring by [DHS]; and (2) [he] now faces prison time and the likelihood of removal from the country after serving a potential sentence."[13] She affirmed that decision on March 26, 2020, following the petitioner's motion for reconsideration.[14] Ultimately, the petitioner pled guilty on September 18, 2020 to the criminal immigration charge and received a sentence of time served.[15]

The petitioner has been in immigration custody since September 19, 2020, and he is housed at a private detention facility in the Eastern District of California operated by The GEO Group. GEO contracts with ICE to house immigration detainees.[16] ICE's San Francisco Field Office, and its Field Office Director David Jennings, oversee immigration detainees at the GEO detention center.[17]

After he was in custody for the requisite six months, the petitioner moved for an *Aleman* bond hearing.[18] The immigration judge held the hearing on April 27, 2021, and detained him as a flight risk.[19] Because an equipment malfunction meant that there was no record of the April hearing, the immigration judge scheduled a de novo bond hearing on May 20, 2021.[20] Before the second hearing, and in response to issues raised at the April bond hearing, the petitioner provided more information, including an expanded release plan that included supervision from Martin Steinman, a reentry coordinator. At the hearing, the petitioner and Mr. Steinman testified, and agency counsel cross-examined them both. The immigration judge asked no questions.[21] On June 15,

---

[13] Detention Order, Ex. M to Scott Decl. – ECF No. 17-1 at 59–60.

[14] Order, Ex. N to Scott Decl. – ECF No. 17-1 at 62–63.

[15] Minute Entry, *United States v. [Doe]*, No. 3:20-cr-00003-EMC – ECF No. 83.

[16] Pet. – ECF No. 1 at 3 (¶ 5); Mull Decl. – ECF No. 17-5 at 2 (¶ 4).

[17] Mull Decl. – ECF No. 17-5 at 2–3 (¶¶ 4, 7–8).

[18] Pet. – ECF No. 1 at 10 (¶ 31).

[19] *Id.* at 11 (¶ 34).

[20] *Id.*

[21] *Id.* at 11–14 (¶¶ 35–39).

2021, the immigration judge denied the bond request on the ground that the petitioner was a flight risk. (Danger was not a ground for detention.)[22]

Because the claim here is that the immigration judge did not consider the petitioner's release plan, which the petitioner worked up between the April and May hearings and presented at the May hearing, this order recounts the immigration judge's decision.

The immigration judge said that the petitioner filed various documents to support his request for bond, including "documents outlining [his] release plan." The judge then concluded that "[DHS] had established by clear and convincing evidence that [the petitioner] is a significant flight risk," because of the petitioner's "history of immigration violations, absconding from [the Alternatives to Detention program], presenting fraudulent documents, and ineligibility for relief from removal." Finally, the immigration judge "acknowledged the positive equities in [the petitioner's] case," but found that such factors did not outweigh the petitioner's significant risk of flight.[23]

The petitioner appealed the bond decision to the Board of Immigration Appeals (BIA), which affirmed the immigration judge and denied the appeal.[24] It addressed the issue of the immigration judge's alleged failure to consider the petitioner's release plan:

> The record reflects that the Immigration Judge considered the applicant's equities, specifically including . . . his release plans. The Immigration Judge, as the trier of fact, is not required to accept the applicant's version of the evidence where other plausible views of the evidence are supported by the record. Rather, the Immigration Judge is entitled to make reasonable inferences from direct and circumstantial evidence of the record as a whole, such as he did here.[25]

The petitioner filed his 28 U.S.C. § 2241 petition on August 24, 2021, claiming a due-process violation from the immigration judge's alleged failure to appropriately consider his expanded release

---

[22] Order, Ex. G to Wiese Decl. – ECF No. 2-11. The record has information about danger, but danger was not a ground for detention. The information is that the petitioner allegedly kidnapped and raped a victim in Guatemala. She sought asylum here and contended that the petitioner came to the U.S. to threaten her. In May 2019, she reported to the Oakland police that the petitioner had threatened her. DHS Rep., Ex. B to Scott Decl. – ECF No. 17-1 at 13–14; Oakland Police Rep., Ex. A to Scott Decl. – ECF No. 17-1 at 5–11. The court cites this information because the government cited it, but does not consider it.

[23] Order, Ex. G to Wiese Decl. – ECF No. 2-11 at 3–5.

[24] Pet. – ECF No. 1 at 14 (¶ 40); Notice – ECF No. 20 at 2.

[25] Notice – ECF No. 20 at 5–6.

plan or Mr. Steinman's testimony.[26] The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[27] The court held a hearing on November 4, 2021.

## ANALYSIS

There are two issues: whether the court can consider the petition and, if so, whether the immigration judge held a constitutionally adequate bond hearing.[28]

### 1. Custody

Citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446–47 (2004), and *Lopez-Marroquin v. Barr*, No. 18-72922, 2020 WL 1808002, at *1 (9th Cir. Apr. 9, 2020), the government contended that jurisdiction is in the Eastern District of California, where the petitioner is housed. Generally, the proper respondent in a habeas petition is the warden of the facility. *Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *2 (N.D. Cal. June 11, 2021). But "[c]ourts in this district repeatedly have held, both before and since *Lopez-Marroquin*, that *Padilla* does not extend to cases such as this one where the immediate custodian lacks any actual authority over the immigrant detainee." *Domingo v. Barr*, No. 20-cv-06089-YGR, 2020 WL 5798238, at *2 (N.D. Cal. Sept. 29, 2020) (collecting cases); *accord Perera*, 2021 WL 2400981, at *2 (collecting cases). The court appreciates the government's nuanced argument and nonetheless follows *Domingo* and *Perera* as persuasive.

### 2. Bond Hearing

The court denies the petition. The immigration judge considered the petitioner's evidence, including the release plan, at the hearing, and there was no due-process violation.

---

[26] Pet. – ECF No. 1.

[27] Consents – ECF Nos. 4, 13.

[28] The government previously contended that the petitioner had not exhausted administrative remedies because — at the time he filed his petition — his appeal to the BIA was pending. As the government conceded at the hearing, the BIA's denial of the appeal mooted the issue.

"At a bond hearing, to justify denial of bond and continued detention, due process requires the Government to prove by clear and convincing evidence that an immigrant is a flight risk or a danger to the community." *Perez v. Wolf*, 445 F. Supp. 3d 275, 286 (N.D. Cal 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)). Factors relevant to that inquiry include the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Singh*, 638 F.3d at 1206 n.5 (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). An immigration judge has broad discretion in deciding the facts that he considers in custody redeterminations and may choose to give greater weight to one factor over another, as long as the decision is reasonable. *Id.*; *Guerra*, 24 I. & N. Dec. at 40.

In reviewing the immigration judge's determination, a district court may not second-guess the judge's weighing of the evidence. Instead, its review is limited to whether the decision "reflects clear legal error or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (cleaned up); *Calmo v. Sessions*, No. C 17-07124-WHA, 2018 WL 2938628, at *4 (N.D. Cal. June 12, 2018). The BIA (and, by extension, an immigration judge) need "not . . . discuss each piece of evidence submitted." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). "When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a general statement that [the immigration judge] considered all the evidence before [him]' may be sufficient." *Id.* (cleaned up). "But, where there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand." *Id.* at 771–72. "Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Id.* at 772. "In particular, where potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence." *Id.*

The petitioner contends that the immigration judge erred by failing to consider his expanded release plan and Mr. Steinman's declaration and testimony.[29] The record does not support this contention. At the May 21, 2021 bond hearing, the petitioner offered his release plan, and the petitioner and Mr. Steinman testified.[30] The immigration judge acknowledged the submissions in the order denying bond, stating that the petitioner "filed . . . documents pertaining to alternatives to detention and prosecutorial discretion . . . and documents outlining [the petitioner's] release plan."[31] Although he did not explicitly mention the declaration and testimony of Mr. Steinman, he was not required to do so. *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). The immigration judge also "acknowledged the positive equities in [the petitioner's] case" but found that they did not outweigh the significant risk of flight.

The petitioner's main point is that the immigration judge thought that he could not consider the release plan unless he determined that the petitioner was not a flight risk (as opposed to considering the plan as a way of mitigating the risk of flight through the fashioning of release conditions).[32] But the immigration judge accepted the evidence, heard testimony, and based on that record, denied bond. The court cannot second-guess that weighing of evidence. As the BIA said, "[a]n Immigration Judge has broad discretion to consider any matter he or she deems relevant when determining whether a lawfully detained person's release on bond is permissible or advisable, and therefore a custody redetermination that has a 'reasonable foundation' will not be disturbed on appeal."[33]

The court denies the habeas petition.

**IT IS SO ORDERED.**

Dated: December 2, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[29] Pet. – ECF No. 1 at 19 (¶ 52); Traverse – ECF No. 18 at 19–21.

[30] Hr'g Tr., Ex. B to Wiese Decl. – ECF No. 2-6 at 5 (4:13–16), 10–35 (9:14–34:14).

[31] Order, Ex. G to Wiese Decl. – ECF No. 2-11 at 3.

[32] Pet. – ECF No. 1 at 19 (¶ 52); Traverse – ECF No. 18 at 19–21.

[33] Notice – ECF No. 20 at 5.